NO. 07-10-00508-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2011

---

LESHAWN MCREYNOLDS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,114-E; HONORABLE DOUGLAS WOODBURN, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Leshawn McReynolds, filed a notice of appeal from his placement on ten years deferred adjudication community supervision for possession of a controlled substance, marijuana. On January 19, 2011, this Court received a request from the trial court clerk for extension of time to file the clerk's record. This motion indicated that appellant has not paid or made arrangements to pay for the clerk's record nor has an attorney "appeared" on the case for appeal. On that same date, this Court granted the clerk's request for extension, and sent separate notice to appellant regarding his failure to pay for or make arrangements to pay for the clerk's record. Further, this Court

notified appellant that, if this Court did not receive the clerk's record or a certification from the clerk or appellant that the record had been paid for or that satisfactory arrangements had been made for the preparation of the record by February 21, 2011, this Court may dismiss the appeal for want of prosecution. See TEX. R. APP. P. 37.3(b). We have not received the clerk's record and, in fact, received another request for extension of time to file the clerk's record, which again indicates that appellant has not paid or made arrangements to pay for the clerk's record nor has an attorney "appeared" on the case for appeal.

Additionally, appellant's notice of appeal was submitted by Darrell R. Carey. Carey expresses appellant's desire to appeal, and indicates that he was trial counsel for appellant. However, Carey also states that he "has not been appointed or retained on the appeal." In this Court's January 19, 2011 correspondence, we expressly informed Carey that as the attorney whose signature first appears on appellant's notice of appeal, Carey is properly designated as lead counsel for appellant in this appeal. See TEX. R. APP. P. 6.1. We also expressly informed Carey that, to the extent that the notice of appeal was intended to constitute a nonrepresentation notice, it is deficient. See TEX. R. APP. P. 6.4. Finally, we noted that Carey's statement in the notice of appeal could not be construed to constitute a motion to withdraw, see TEX. R. APP. P. 6.5(a), (b), and that nothing in the record available to the Court indicates that the trial court had permitted Carey to withdraw from continued representation of appellant.

Because the clerk's record has not yet been filed and due to the confusion regarding representation of appellant on appeal, we now abate this appeal and remand

2

the cause to the trial court. <u>See</u> TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) if appellant is indigent and desires to prosecute the appeal, whether he is entitled to have the appellate record furnished without charge; (4) whether present counsel for appellant has abandoned the appeal; (5) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced; and (6) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental

reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than April 4, 2011.

Per Curiam

Do not publish.